**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
SHAKESQUE SINGLETARY,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| *-against-* | **23 Civ.** |
|  | ***PLAINTIFF DEMANDS*** |
| THE CITY OF NEW YORK, | ***A TRIAL BY JURY*** |

THE CITY OF NEW YORK,
GLENN BAGGS as aider and abettor,
MILAGROS CRUZ as and aider and abettor
and FRANK HONAN as and aider and abettor,

                                Defendants.
--------------------------------------------------------------------X

       Plaintiff, Shakesque Singletary, by and through his attorneys, Stewart Lee Karlin Law Group, P.C., against The City of New York, Glenn Baggs, Milagros Cruz, and Frank Honan ("Defendants") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.    This is a civil action based upon Defendants' violations of Plaintiff's rights guaranteed to him by: (i) the race discrimination and retaliation provisions of the **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the race discrimination and retaliation provisions of **42 U.S.C.** § 1981 ("Section 1981"); (iii) the race discrimination and retaliation provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 et seq. ("NYSHRL"); (iv) the race discrimination and retaliation provisions of the **New York City Administrative Code,** § 8-107, et seq. ("NYCHRL"); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiff seeks redress for the injuries he has suffered as a result of his employer's

**discrimination and retaliation** solely on the basis of his race (Black).

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343.

4.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5.     Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

6.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") upon which this Complaint is based.

7.     Plaintiff received a Notice of Right to Sue from the EEOC dated December 12, 2022 and amended on March 7, 2023, with respect to the instant charges of discrimination.  A copy of the Notice is annexed to this Complaint.

8.     This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

9.     Plaintiff Shakesque Singletary ("Plaintiff"), is a Black man and a resident of the State of New York, New York County. At all relevant times herein, Plaintiff was an employee of The New York City Department of Parks and Recreation.

10.    At all relevant times herein, Plaintiff was and is a "person" and an "employee" entitled to protection as defined by state and federal laws.

11.    At all relevant times herein, The New York City Department of Parks and Recreation was and is a New York City Mayoral Agency operated, funded, and maintained by Defendant

the City of New York ("Defendant") headquartered at, The Arsenal, Central Park, 830 Fifth Avenue, New York, NY 10065.

12.    At all relevant times herein, Defendant "employs" fifteen or more "employees," and is thus an "employer" within the meaning of Title VII, Section 1981, the NYSHRL, and the NYCHRL.

13.    At all times relevant, Glenn Baggs ("Mr. Baggs"), Milagros Cruz ("Ms. Cruz") were Plaintiff's direct supervisors and were directly responsible for the discriminatory and retaliatory conditions set forth below. Defendant Frank Honan was a co-worker of Plaintiff at all times relevant and was directly responsible for the discriminatory and retaliatory conditions set forth below.

## FACTUAL STATEMENT

14.    On or about July 5, 2021, Plaintiff was hired by Defendant as a Full-Time Seasonal Exterminator for The New York City Department of Parks and Recreation as an Exterminator.

15.    At all times relevant, Plaintiff was and is a New York State Licensed Pest Control Technician.

16.    At all times relevant, Glenn Baggs ("Mr. Baggs"), Milagros Cruz ("Ms. Cruz"), Geoff Martin ("Mr. Martin"), Mary Small ("Ms. Small"), Francisco Grullon ("Mr. Grullon"), Adrian Farllow ("Mr. Farllow"), Curtis [Last Name Unknown] ("Curtis"), and Wesley Hamilton ("Mr. Hamilton") were Plaintiff's Direct Supervisors.

17.    Throughout Plaintiff's entire period of employment, Plaintiff was qualified for his position, performed his duties in an above-satisfactory manner, and was never the subject of formal discipline.

18.  Upon information and belief, Frank Honan ("Mr. Honan"), Exterminator, was Plaintiff's co-worker.

19.  Within Plaintiff's first three months of employment, Mr. Honan and Mr. Baggs initiated a campaign of racial discrimination against Plaintiff by way of derogatory references, inappropriate racially charged jokes and, threats to Plaintiff's employment.

20.  Specifically, on or about July 6, 2021, Plaintiff's second day of work, Mr. Honan openly referred to the African-American employees as "Those Niggers" and referred to Plaintiff directly as a "Nigger."

21.  In or around July 2021, Plaintiff verbally complained to Ms. Cruz regarding Mr. Honan's discriminatory remarks and requested that Ms. Cruz separate Plaintiff and Mr. Honan as he did not feel comfortable continuing to work with Mr. Honan.

22.  In or around July through August 2021, Plaintiff made multiple separate verbal complaints to Mr. Martin regarding Mr. Honan's discriminatory behavior, to no avail. In fact, despite Plaintiff's multiple verbal complaints, Plaintiff was forced to continue working with Mr. Honan.

23.  In or around October 2021, Plaintiff verbally complained to Mr. Hamilton regarding Mr. Honan's discriminatory behavior, to no avail. As a result, Plaintiff was again forced to continue working with Mr. Honan.

24.  Since Plaintiff commenced his employment with Defendant, Mr. Honan regularly used derogatory racial, religious, and sexist slurs when referring to different individuals such as, "Gook," "Spic," "Nigger," "Kike," "Jew bag," Bitch," and "Cunt." In fact, on or about September 16, 2021, Mr. Honan was discussing an incident between an employee named "Bo" and a supervisor "Curtis" and stated, "Bo was behaving like a nigger."

25.   On numerous occasions since Plaintiff commenced his employment with Defendant, Mr. Honan regularly and openly referred to African-Americans as "Monkeys," "Racoons," and "Gorillas."

26.   On or about September 15, 2021, (hereinafter referred to as the "September 15th Threat"), Mr. Baggs told Plaintiff that the shovel Plaintiff uses to collapse burrows could also be used to "bury someone six feet deep, especially snitches and rats." Upon information and belief, Mr. Baggs' statement was intended to harass and intimidate Plaintiff for his prior complaints of discrimination and dissuade Plaintiff from making similar complaints in the future.

27.   In or around September 2021, Plaintiff reported Mr. Baggs' September 15th Threat to Ms. Cruz, to no avail. Nevertheless, despite Plaintiff's repeated complaints, Plaintiff was forced to continue working under Mr. Baggs' supervision as Defendant failed to remedy Plaintiff's complaint.

28.   On or about September 21, 2021, Mr. Baggs threw a toy rat at Plaintiff when Plaintiff arrived to work that morning. Moreover, Mr. Honan advised Plaintiff that Plaintiff's colleagues were calling Plaintiff a "rat."

29.   Shortly thereafter, Plaintiff again reported Mr. Baggs to Ms. Cruz and showed her pictures of the rat Mr. Baggs threw at him. However, again Plaintiff's complaints fell on deaf ears.

30.   Upon information and belief, Mr. Baggs' intention in throwing a toy rat at Plaintiff was to further harass and intimidate Plaintiff for his prior reports of discrimination and to dissuade him from complaining in the future.

31.   On or about October 7, 2021, Mr. Honan boasted to Plaintiff about his close connections with the Chief, Ralph Musilinio ("Chief Musilinio"). The effect of Mr. Honan's boasts was

to convey to Plaintiff that Mr. Honan was untouchable and could get away with his continued discriminatory behavior without consequence. As a result, Plaintiff began to develop legitimate concerns about the security of his employment and felt dissuaded from filing a formal complaint.

32.     In or around October 2021, Mr. Honan and Mr. Baggs began to intentionally interfere with Plaintiff's ability to perform his job duties. More specifically, Plaintiff was prohibited from having keys to the supply closet, which contained the necessary equipment and tools Plaintiff needed to perform the essential duties of his job.

33.     Upon information and belief, Mr. Honan and Mr. Baggs were the only employees who had keys to the supply closet. Mr. Honan and Mr. Baggs' intention in prohibiting Plaintiff from having keys to the supply closet was to increase create a hostile work environment by forcing Plaintiff to communicate with Mr. Honan and Mr. Baggs.

34.     In or around October 2021, Plaintiff verbally complained to Mr. Martin and Ms. Cruz regarding Mr. Honan and Mr. Baggs' refusal to provide Plaintiff with the keys to access the supply closet. However, Plaintiff's verbal complaint was once again disregarded.

35.     In or around October 2021, Plaintiff submitted a written complaint of discrimination to New York City Parks' Equal Employment Opportunity Office (hereinafter referred to as the "October 2021 Formal Complaint").

36.     Plaintiff's October 2021 Formal Complaint detailed incidents of racial discrimination perpetrated by Mr. Honan and Mr. Baggs. Specifically, Plaintiff reported being regularly called racial slurs such as "Nigger" or overhearing derogatory references to others such as, "Nigger," "Gook," "Spic," "Kike," and "Faggot."

37.    Following Plaintiff's October 2021 Formal Complaint, Plaintiff was forced to continue working with Mr. Honan and was subjected to continued harassment. Specifically, Mr. Honan often took Plaintiff's work vehicle and tampered with Plaintiff's work vehicle and work machine to sabotage Plaintiff's work performance.

38.    As a result, Plaintiff complained regarding Mr. Honan's continued harassment following Plaintiff's October 2021 Formal Complaint, to no avail. In fact, on or about January 21, 2022, Plaintiff e-mailed Iyana Titus, Deputy EEO Officer, and Agency Attorney, ("Ms. Titus"), and detailed each incident of continued harassment perpetrated by Mr. Honan since Plaintiff's October 2021 Formal Complaint, to no avail.

39.    Upon information and belief, Mr. Honan was reprimanded, coached, or disciplined for his continued discriminatory and harassing behavior. Despite Plaintiff's lengthy and well-documented history of complaints of discrimination and harassment, Plaintiff was required to continue working with Mr. Honan and Mr. Baggs.

40.    On or about May 31, 2022, Defendant concluded its investigation relating to Plaintiff's complaint against Mr. Honan and Mr. Baggs and found that Plaintiff's allegations were substantiated.

41.    In or around June 2022, Plaintiff initiated the process to upgrade his license from Technician to Applicator. Plaintiff submitted the required documentation for an upgrade to his license.

42.    However, despite Plaintiff's compliance with the procedures and requirements needed for his upgrade, to date, Defendant has failed to grant Plaintiff's application for an upgrade. Moreover, Plaintiff's repeated requests for a status on his application for an upgrade to his

license remain disregarded. Plaintiff's license upgrade would provide him with opportunities to increase his earnings.

43. On or about September 1, 2022, Mr. Honan continued to harass Plaintiff by riding by Plaintiff, sticking up his middle finger, and making hand gestures near his crotch as if he were masturbating.

44. Later that day, Plaintiff sent an e-mail to Daniel Dajani ("Mr. Dajani"), EEO Investigator, reporting Mr. Honan's continued discriminatory and retaliatory behavior, to no avail.

45. In or around September 2022, Mr. Hamilton and Ms. Cruz advised Plaintiff that Plaintiff would be transferred to Riverside South. Mr. Hamilton and Ms. Cruz further explained that Mr. Honan would not be transferred due to his seniority and status as a civil service member. As a result of Plaintiff's transfer, Plaintiff has a longer commute to work and is unable to access the supplies and equipment needed to perform the essential duties of his job.

46. As a result of Defendant's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and, emotionally distressed.

47. The above-captioned conduct was done intentionally and was a willful, deliberate, and continuous pattern of harassment.

48. The conduct altered the conditions of Plaintiff's employment and was done due to Plaintiff's race, and otherwise complaining about discrimination.

49. To the objective observer, the conditions created an abusive and hostile work environment.

50. To Plaintiff, the conditions created an abusive and hostile work environment.

51. Plaintiff has suffered significant psychological injury.

52. Based upon the foregoing, Plaintiff was subjected to a hostile work environment and disparate treatment by reason of his, race, and otherwise complaining about discrimination.

53. It has been necessary for Plaintiff to engage the services of an attorney to file and prosecute this action and thus also request attorney's fees.

54. As a direct and proximate result of Defendant's actions Plaintiff has suffered great and irreparable harm including, depression, humiliation, pain and suffering, economic damage and other foreseeable damages.

55. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of salary, bonuses, benefits and, other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

57. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

58. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against the Defendants.

**<u>FIRST CLAIM FOR RELIEF</u> - DEFENDANT NYC ONLY**

*<u>Race Discrimination in Violation of Title VII</u>*

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. <u>Title VII of the Civil Rights Act of 1964</u>, as amended <u>42 U.S.C.</u> § 2000e-2(a)(1), states in the relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's **race**, color, religion, sex, or national origin[.]

61. As described above, Defendant discriminated against Plaintiff on the basis of his race, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on his race.

62. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

63. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CLAIM FOR RELIEF - DEFENDANT NYC ONLY

### *Retaliation in Violation of Title VII*

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

66.     As described above, Plaintiff engaged in protected activities, including making internal complaints to Defendant's Supervisors regarding discrimination based on Plaintiff's race.

67.     As described above, after Plaintiff engaged in activity protected by Title VII, Defendant took adverse actions against Plaintiff by, *inter alia*, unilaterally transferring Plaintiff's job location, which would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

68.     As a result of the retaliatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and, emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

69.     The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## <u>THIRD CLAIM FOR RELIEF</u> - DEFENDANT NYC ONLY

### *<u>Race Discrimination in Violation of Section 1981</u>*

70.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71.     42 U.S.C. § 1981 states in the relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

72.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by

        discriminating against Plaintiff because of his race (Black).

73.     Plaintiff was subjected to negative disparate treatment, discrimination, humiliation,

        embarrassment, adverse employment actions due to his race.

## FOURTH CLAIM FOR RELIEF - DEFENDANT NYC ONLY

### *Retaliation in Violation of Section 1981*

74.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

        this complaint.

75.     By the acts and practices described above, Defendant retaliated against Plaintiff for his

        opposition to unlawful discrimination under 42 U.S.C. §1981.

76.     Defendant acted with malice and/or reckless indifference to Plaintiff statutorily protected

        rights.

77.     Plaintiff is entitled to the maximum amount of damages allowed under this statute.

## FIFTH CLAIM FOR RELIEF - ALL DEFENDANTS

### *Race Discrimination in Violation of NYSHRL*

78.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

        this complaint.

79.     New York State Executive Law §296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or
> licensing agency, because of an individual's age, **race**, creed, color,
> national origin, sexual orientation, military status, sex, disability,
> predisposing genetic characteristics, marital status, or domestic
> violence victim status, to refuse to hire or employ or to bar or to
> discharge from employment such individual or to discriminate
> against such individual in compensation or in terms, conditions or
> privileges of employment.

80.     As described above, Defendants discriminated against Plaintiff on the basis of his race, in

violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on his race. As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

81.   As a result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

82.   Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### SIXTH CLAIM FOR RELIEF - ALL DEFENDANTS

*Retaliation in Violation of NYSHRL*

83.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

84.   New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

85.   As described above, Plaintiff engaged in protected activities, including making internal complaints to Defendant's Supervisors discrimination based on Plaintiff's race.

86.   As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendants took adverse actions against Plaintiff by, *inter alia*, threatening Plaintiff's employment and constructively terminating him, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

87.   As a result of Defendants' retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## <u>SEVENTH CLAIM FOR RELIEF - ALL DEFENDANTS</u>

### *<u>Race Discrimination in Violation of NYCHRL</u>*

88.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89.   The New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **<u>race</u>**, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

90.   Defendants violated the section cited herein as set forth.

## EIGHTH CLAIM FOR RELIEF - ALL DEFENDANTS

### *Retaliation in Violation of NYCHRL*

91.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

92.   The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

93.   Defendants violated the section cited herein as set forth.

94.   Plaintiff is entitled to the maximum amount allowed under this statute.

## PUNITIVE DAMAGES

95.   Plaintiff is entitled to the maximum amount allowed under this statute/law against the individual defendants.

96.   Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

97.   As such, punitive damages are appropriate as a result of Defendants' above-described conduct and Plaintiff demands Punitive Damages against the individual Defendants.

## JURY DEMAND

### PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, New York State Human Rights Law, and the New York City Administrative Code, in that Defendants discriminated against Plaintiff based on Plaintiff's race (Black),

retaliated against Plaintiff due to his multiple complaints of discrimination and created a hostile work environment;

B.  Awarding damages to Plaintiff resulting from Defendant's unlawful harassment, discrimination, retaliation, and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages against the individual defendants;

E.  Awarding Plaintiff liquidated damages against the individual defendants;

F.  Awarding Plaintiff prejudgment interest;

G.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

H.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       March 8, 2023

STEWART LEE KARLIN
LAW GROUP, P.C.

STEWART KARLIN, ESQ.
Attorneys for Plaintiff
111 John Street, 22nd Floor
New York, NY 10038
Tel: (212) 792-9670
slk@stewartkarlin.com