# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
SHAKESQUE SINGLETARY,

                 Plaintiff,                                  **COMPLAINT**

        *-against-*                                **23 Civ.**

                                              *PLAINTIFF DEMANDS*
THE CITY OF NEW YORK,                          *A TRIAL BY JURY*
GLENN BAGGS as aider and abettor,
MILAGROS CRUZ as and aider and abettor
and FRANK HONAN as and aider and abettor,

                 Defendants.
--------------------------------------------------------------------X

      Plaintiff, Shakesque Singletary, by and through his attorneys, Stewart Lee Karlin Law Group,

P.C., against The City of New York, Glenn Baggs, Milagros Cruz, and Frank Honan

("Defendants") alleges upon knowledge as to himself and his own actions and upon information

and belief as to all other matters as follows:

**NATURE OF THE CASE**

1.    This is a civil action based upon Defendants' violations of Plaintiff's rights guaranteed to

    him by: (i) the race discrimination and retaliation provisions of the **Title VII of the Civil**

    **Rights Act of 1964**, as amended ("Title VII"); (ii) the race discrimination and retaliation

    provisions of **42 U.S.C.** § 1981 ("Section 1981"); (iii) the race discrimination and

    retaliation provisions of the **New York State Human Rights Law**, New York State

    Executive Law, § 296 et seq. ("NYSHRL"); (iv) the race discrimination and retaliation

    provisions of the **New York City Administrative Code,** § 8-107, et seq. ("NYCHRL");

    and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiff seeks redress for the injuries he has suffered as a result of his employer's

**discrimination and retaliation** solely on the basis of his race (Black).

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343.

4.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5.    Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

6.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") upon which this Complaint is based.

7.    Plaintiff received a Notice of Right to Sue from the EEOC dated December 12, 2022 and amended on March 7, 2023, with respect to the instant charges of discrimination.  A copy of the Notice is annexed to this Complaint.

8.    This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

9.    Plaintiff Shakesque Singletary ("Plaintiff"), is a Black man and a resident of the State of New York, New York County. At all relevant times herein, Plaintiff was an employee of The New York City Department of Parks and Recreation.

10.   At all relevant times herein, Plaintiff was and is a "person" and an "employee" entitled to protection as defined by state and federal laws.

11.   At all relevant times herein, The New York City Department of Parks and Recreation was and is a New York City Mayoral Agency operated, funded, and maintained by Defendant

the City of New York ("Defendant") headquartered at, The Arsenal, Central Park, 830 Fifth Avenue, New York, NY 10065.

12. At all relevant times herein, Defendant "employs" fifteen or more "employees," and is thus an "employer" within the meaning of Title VII, Section 1981, the NYSHRL, and the NYCHRL.

13. At all times relevant, Glenn Baggs ("Mr. Baggs"), Milagros Cruz ("Ms. Cruz") were Plaintiff's direct supervisors and were directly responsible for the discriminatory and retaliatory conditions set forth below. Defendant Frank Honan was a co-worker of Plaintiff at all times relevant and was directly responsible for the discriminatory and retaliatory conditions set forth below.

## **FACTUAL STATEMENT**

14. On or about July 5, 2021, Plaintiff was hired by Defendant as a Full-Time Seasonal Exterminator for The New York City Department of Parks and Recreation as an Exterminator.

15. At all times relevant, Plaintiff was and is a New York State Licensed Pest Control Technician.

16. At all times relevant, Glenn Baggs ("Mr. Baggs"), Milagros Cruz ("Ms. Cruz"), Geoff Martin ("Mr. Martin"), Mary Small ("Ms. Small"), Francisco Grullon ("Mr. Grullon"), Adrian Farllow ("Mr. Farllow"), Curtis [Last Name Unknown] ("Curtis"), and Wesley Hamilton ("Mr. Hamilton") were Plaintiff's Direct Supervisors.

17. Throughout Plaintiff's entire period of employment, Plaintiff was qualified for his position, performed his duties in an above-satisfactory manner, and was never the subject of formal discipline.

18. Upon information and belief, Frank Honan ("Mr. Honan"), Exterminator, was Plaintiff's co-worker.

19. Within Plaintiff's first three months of employment, Mr. Honan and Mr. Baggs initiated a campaign of racial discrimination against Plaintiff by way of derogatory references, inappropriate racially charged jokes and, threats to Plaintiff's employment.

20. Specifically, on or about July 6, 2021, Plaintiff's second day of work, Mr. Honan openly referred to the African-American employees as "Those Niggers" and referred to Plaintiff directly as a "Nigger."

21. In or around July 2021, Plaintiff verbally complained to Ms. Cruz regarding Mr. Honan's discriminatory remarks and requested that Ms. Cruz separate Plaintiff and Mr. Honan as he did not feel comfortable continuing to work with Mr. Honan.

22. In or around July through August 2021, Plaintiff made multiple separate verbal complaints to Mr. Martin regarding Mr. Honan's discriminatory behavior, to no avail. In fact, despite Plaintiff's multiple verbal complaints, Plaintiff was forced to continue working with Mr. Honan.

23. In or around October 2021, Plaintiff verbally complained to Mr. Hamilton regarding Mr. Honan's discriminatory behavior, to no avail. As a result, Plaintiff was again forced to continue working with Mr. Honan.

24. Since Plaintiff commenced his employment with Defendant, Mr. Honan regularly used derogatory racial, religious, and sexist slurs when referring to different individuals such as, "Gook," "Spic," "Nigger," "Kike," "Jew bag," Bitch," and "Cunt." In fact, on or about September 16, 2021, Mr. Honan was discussing an incident between an employee named "Bo" and a supervisor "Curtis" and stated, "Bo was behaving like a nigger."

25. On numerous occasions since Plaintiff commenced his employment with Defendant, Mr. Honan regularly and openly referred to African-Americans as "Monkeys," "Racoons," and "Gorillas."

26. On or about September 15, 2021, (hereinafter referred to as the "September 15th Threat"), Mr. Baggs told Plaintiff that the shovel Plaintiff uses to collapse burrows could also be used to "bury someone six feet deep, especially snitches and rats." Upon information and belief, Mr. Baggs' statement was intended to harass and intimidate Plaintiff for his prior complaints of discrimination and dissuade Plaintiff from making similar complaints in the future.

27. In or around September 2021, Plaintiff reported Mr. Baggs' September 15th Threat to Ms. Cruz, to no avail. Nevertheless, despite Plaintiff's repeated complaints, Plaintiff was forced to continue working under Mr. Baggs' supervision as Defendant failed to remedy Plaintiff's complaint.

28. On or about September 21, 2021, Mr. Baggs threw a toy rat at Plaintiff when Plaintiff arrived to work that morning. Moreover, Mr. Honan advised Plaintiff that Plaintiff's colleagues were calling Plaintiff a "rat."

29. Shortly thereafter, Plaintiff again reported Mr. Baggs to Ms. Cruz and showed her pictures of the rat Mr. Baggs threw at him. However, again Plaintiff's complaints fell on deaf ears.

30. Upon information and belief, Mr. Baggs' intention in throwing a toy rat at Plaintiff was to further harass and intimidate Plaintiff for his prior reports of discrimination and to dissuade him from complaining in the future.

31. On or about October 7, 2021, Mr. Honan boasted to Plaintiff about his close connections with the Chief, Ralph Musilinio ("Chief Musilinio"). The effect of Mr. Honan's boasts was

to convey to Plaintiff that Mr. Honan was untouchable and could get away with his continued discriminatory behavior without consequence. As a result, Plaintiff began to develop legitimate concerns about the security of his employment and felt dissuaded from filing a formal complaint.

32. In or around October 2021, Mr. Honan and Mr. Baggs began to intentionally interfere with Plaintiff's ability to perform his job duties. More specifically, Plaintiff was prohibited from having keys to the supply closet, which contained the necessary equipment and tools Plaintiff needed to perform the essential duties of his job.

33. Upon information and belief, Mr. Honan and Mr. Baggs were the only employees who had keys to the supply closet. Mr. Honan and Mr. Baggs' intention in prohibiting Plaintiff from having keys to the supply closet was to increase create a hostile work environment by forcing Plaintiff to communicate with Mr. Honan and Mr. Baggs.

34. In or around October 2021, Plaintiff verbally complained to Mr. Martin and Ms. Cruz regarding Mr. Honan and Mr. Baggs' refusal to provide Plaintiff with the keys to access the supply closet. However, Plaintiff's verbal complaint was once again disregarded.

35. In or around October 2021, Plaintiff submitted a written complaint of discrimination to New York City Parks' Equal Employment Opportunity Office (hereinafter referred to as the "October 2021 Formal Complaint").

36. Plaintiff's October 2021 Formal Complaint detailed incidents of racial discrimination perpetrated by Mr. Honan and Mr. Baggs. Specifically, Plaintiff reported being regularly called racial slurs such as "Nigger" or overhearing derogatory references to others such as, "Nigger," "Gook," "Spic," "Kike," and "Faggot."

37.   Following Plaintiff's October 2021 Formal Complaint, Plaintiff was forced to continue working with Mr. Honan and was subjected to continued harassment. Specifically, Mr. Honan often took Plaintiff's work vehicle and tampered with Plaintiff's work vehicle and work machine to sabotage Plaintiff's work performance.

38.   As a result, Plaintiff complained regarding Mr. Honan's continued harassment following Plaintiff's October 2021 Formal Complaint, to no avail. In fact, on or about January 21, 2022, Plaintiff e-mailed Iyana Titus, Deputy EEO Officer, and Agency Attorney, ("Ms. Titus"), and detailed each incident of continued harassment perpetrated by Mr. Honan since Plaintiff's October 2021 Formal Complaint, to no avail.

39.   Upon information and belief, Mr. Honan was reprimanded, coached, or disciplined for his continued discriminatory and harassing behavior. Despite Plaintiff's lengthy and well-documented history of complaints of discrimination and harassment, Plaintiff was required to continue working with Mr. Honan and Mr. Baggs.

40.   On or about May 31, 2022, Defendant concluded its investigation relating to Plaintiff's complaint against Mr. Honan and Mr. Baggs and found that Plaintiff's allegations were substantiated.

41.   In or around June 2022, Plaintiff initiated the process to upgrade his license from Technician to Applicator. Plaintiff submitted the required documentation for an upgrade to his license.

42.   However, despite Plaintiff's compliance with the procedures and requirements needed for his upgrade, to date, Defendant has failed to grant Plaintiff's application for an upgrade. Moreover, Plaintiff's repeated requests for a status on his application for an upgrade to his

license remain disregarded. Plaintiff's license upgrade would provide him with opportunities to increase his earnings.

43. On or about September 1, 2022, Mr. Honan continued to harass Plaintiff by riding by Plaintiff, sticking up his middle finger, and making hand gestures near his crotch as if he were masturbating.

44. Later that day, Plaintiff sent an e-mail to Daniel Dajani ("Mr. Dajani"), EEO Investigator, reporting Mr. Honan's continued discriminatory and retaliatory behavior, to no avail.

45. In or around September 2022, Mr. Hamilton and Ms. Cruz advised Plaintiff that Plaintiff would be transferred to Riverside South. Mr. Hamilton and Ms. Cruz further explained that Mr. Honan would not be transferred due to his seniority and status as a civil service member. As a result of Plaintiff's transfer, Plaintiff has a longer commute to work and is unable to access the supplies and equipment needed to perform the essential duties of his job.

46. As a result of Defendant's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and, emotionally distressed.

47. The above-captioned conduct was done intentionally and was a willful, deliberate, and continuous pattern of harassment.

48. The conduct altered the conditions of Plaintiff's employment and was done due to Plaintiff's race, and otherwise complaining about discrimination.

49. To the objective observer, the conditions created an abusive and hostile work environment.

50. To Plaintiff, the conditions created an abusive and hostile work environment.

51. Plaintiff has suffered significant psychological injury.

52. Based upon the foregoing, Plaintiff was subjected to a hostile work environment and disparate treatment by reason of his, race, and otherwise complaining about discrimination.

53. It has been necessary for Plaintiff to engage the services of an attorney to file and prosecute this action and thus also request attorney's fees.

54. As a direct and proximate result of Defendant's actions Plaintiff has suffered great and irreparable harm including, depression, humiliation, pain and suffering, economic damage and other foreseeable damages.

55. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of salary, bonuses, benefits and, other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

57. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

58. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against the Defendants.

## FIRST CLAIM FOR RELIEF - DEFENDANT NYC ONLY

### *Race Discrimination in Violation of Title VII*

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a)(1), states in the relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's **race**, color, religion, sex, or national origin[.]

61. As described above, Defendant discriminated against Plaintiff on the basis of his race, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on his race.

62. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

63. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CLAIM FOR RELIEF - DEFENDANT NYC ONLY

### *Retaliation in Violation of Title VII*

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

66. As described above, Plaintiff engaged in protected activities, including making internal complaints to Defendant's Supervisors regarding discrimination based on Plaintiff's race.

67. As described above, after Plaintiff engaged in activity protected by Title VII, Defendant took adverse actions against Plaintiff by, *inter alia*, unilaterally transferring Plaintiff's job location, which would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

68. As a result of the retaliatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and, emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

69. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### <u>THIRD CLAIM FOR RELIEF</u> - DEFENDANT NYC ONLY

#### *<u>Race Discrimination in Violation of Section 1981</u>*

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. 42 U.S.C. § 1981 states in the relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

72. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by discriminating against Plaintiff because of his race (Black).

73. Plaintiff was subjected to negative disparate treatment, discrimination, humiliation, embarrassment, adverse employment actions due to his race.

### FOURTH CLAIM FOR RELIEF - DEFENDANT NYC ONLY

*Retaliation in Violation of Section 1981*

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. By the acts and practices described above, Defendant retaliated against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. §1981.

76. Defendant acted with malice and/or reckless indifference to Plaintiff statutorily protected rights.

77. Plaintiff is entitled to the maximum amount of damages allowed under this statute.

### FIFTH CLAIM FOR RELIEF - ALL DEFENDANTS

*Race Discrimination in Violation of NYSHRL*

78. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

79. New York State Executive Law §296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, **race**, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

80. As described above, Defendants discriminated against Plaintiff on the basis of his race, in

violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on his race. As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

81. As a result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

82. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## <u>SIXTH CLAIM FOR RELIEF - ALL DEFENDANTS</u>

### *<u>Retaliation in Violation of NYSHRL</u>*

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

84. <u>New York State Executive Law</u> § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

85. As described above, Plaintiff engaged in protected activities, including making internal complaints to Defendant's Supervisors discrimination based on Plaintiff's race.

86.     As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendants took adverse actions against Plaintiff by, *inter alia*, threatening Plaintiff's employment and constructively terminating him, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

87.     As a result of Defendants' retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## SEVENTH CLAIM FOR RELIEF - ALL DEFENDANTS

### *Race Discrimination in Violation of NYCHRL*

88.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89.     The New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

90.     Defendants violated the section cited herein as set forth.

## EIGHTH CLAIM FOR RELIEF - ALL DEFENDANTS

### *Retaliation in Violation of NYCHRL*

91.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

92.    The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

93.    Defendants violated the section cited herein as set forth.

94.    Plaintiff is entitled to the maximum amount allowed under this statute.

## PUNITIVE DAMAGES

95.    Plaintiff is entitled to the maximum amount allowed under this statute/law against the individual defendants.

96.    Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

97.    As such, punitive damages are appropriate as a result of Defendants' above-described conduct and Plaintiff demands Punitive Damages against the individual Defendants.

## JURY DEMAND

### PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.    Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981**,** New York State Human Rights Law, and the New York City Administrative Code, in that Defendants discriminated against Plaintiff based on Plaintiff's race (Black),

retaliated against Plaintiff due to his multiple complaints of discrimination and created a hostile work environment;

B.   Awarding damages to Plaintiff resulting from Defendant's unlawful harassment, discrimination, retaliation, and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C.   Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D.   Awarding Plaintiff punitive damages against the individual defendants;

E.   Awarding Plaintiff liquidated damages against the individual defendants;

F.   Awarding Plaintiff prejudgment interest;

G.   Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

H.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
     March 8, 2023

            STEWART LEE KARLIN
            LAW GROUP, P.C.

            STEWART KARLIN, ESQ.
            Attorneys for Plaintiff
            111 John Street, 22nd Floor
            New York, NY 10038
            Tel: (212) 792-9670
            slk@stewartkarlin.com

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| SHAKESQUE SINGLETARY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. **23cv2001** |
| THE CITY OF NEW YORK, | ) | |
| GLENN BAGGS as aider and abettor, | ) | |
| MILAGROS CRUZ as and aider and abettor | ) | |
| and FRANK HONAN as and aider and abettor, | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  The City of New York
c/o NYC Law Department
100 Church Street
New York, NY 10007

For the Individual Defendants see addendum

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Stewart Lee Karlin, Esq.
Stewart Lee Karlin Law Group, P.C.
111 John Street, 22nd Floor
New York, NY 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   March 13, 2023                                    /S/  S.  James

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                  *Server's signature*

                                              _____
                                                  *Printed name and title*

                                              _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X     **Docket No.**
SHAKESQUE SINGLETARY,

                              Plaintiff,

                    *-against-*

THE CITY OF NEW YORK,
GLENN BAGGS as aider and abettor,
MILAGROS CRUZ as and aider and abettor
and FRANK HONAN as and aider and abettor,

                              Defendants.

--------------------------------------------------------------------X

## ADDENDUM TO SUMMONS IN A CIVIL ACTION

1. Glenn Baggs
   c/o
   New York City Department of Parks & Recreation
   The Arsenal
   830 Fifth Avenue
   New York, NY 10065

2. Milagros Cruz
   c/o
   New York City Department of Parks & Recreation
   The Arsenal
   830 Fifth Avenue
   New York, NY 10065

3. Frank Honan
   c/o
   New York City Department of Parks & Recreation
   The Arsenal
   830 Fifth Avenue
   New York, NY 10065

Dated: New York, New York
       March 8, 2023

                                                 STEWART LEE KARLIN
                                                 LAW GROUP, P.C.

                                                 STEWART KARLIN, ESQ.
                                                 Attorneys for Plaintiff
                                                 111 John Street, 22nd Floor
                                                 New York, NY 10038
                                                 Tel: (212) 792-9670
                                                 slk@stewartkarlin.com

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

SHAKESQUE SINGLETARY,

                                        Plaintiff,

                                                        **ANSWER**
        -against-                                       23 Civ. 02001

THE CITY OF NEW YORK, GLENN BAGGS
as aider and abettor, MILAGROS CRUZ as and
aider and bettor and FRANK HONAN as and
aider and abettor,

                                        Defendants.
---------------------------------------------------------------x

The City of New York ( hereinafter, "City Defendant")[1], by their attorney, Sylvia O.

Hinds-Radix, Corporation Counsel of the City of the New York, for their Answer to the Complaint

("Complaint"), respectfully allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit

that Plaintiff purports to proceed as set forth therein.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit

that Plaintiff purports to assert jurisdiction as set forth therein.

        4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit

that Plaintiff purports to assert supplemental jurisdiction as set forth therein.

        5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit

that Plaintiff purports to assert venue as set forth therein.

        6.      Deny knowledge or information sufficient to form a belief as to the truth of

---

[1] Upon information and belief, only defendant, GLENN BAGGS, may have been properly served in this matter, and only on approximately May 24, 2023, which would mean his response is not yet due. Accordingly, no appearance is required or being made on behalf of any of the individual defendants by this office at this time.

the allegations set forth in paragraph "6" of the Complaint.

   7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "7" of the Complaint, and deny the remaining allegations set forth in paragraph "7."

   8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

   9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint regarding Plaintiff's racial and gender identity, and regarding Plaintiff's residence, except admit that Plaintiff has self-identified on certain personnel forms as Black and male, and deny the remaining allegations in that paragraph, except admit that Plaintiff has been assigned to the New York City Department of Parks.

   10.  Paragraph "10" of the Complaint sets forth a legal conclusion only, to which no responsive pleading is required.

   11.  Deny the allegations set forth in paragraph "11" of the Complaint, and respectfully refer the Court to the New York City Charter and Administrative Code for a complete and accurate description of the legal status of the New York City Department of Parks & Recreation ("NYC Parks"), which is an agency of the City of New York and maintains its headquarters at The Arsenal-Central Park, 830 Fifth Avenue, New York, NY 10065.

   12.  Paragraph "12" of the Complaint sets forth a legal conclusion only, to which no responsive pleading is required.

   13.  Deny the allegations set forth in paragraph "13" of the Complaint.

   14.  Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff began at NYC Parks on or about July 5, 2021.

   15.  Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "15" of the Complaint

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Defendant Frank Honan has been assigned to the New York City Department of Parks.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiff did complain to Defendant Milagro Cruz .

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's professed "information and belief."

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30", except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint regarding plaintiff's professed "information and belief."

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding

Plaintiff's professed feelings.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Plaintiff filed a complaint with the Equal Employment Opportunity Office ("EEO") of the NYC Parks.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff filed a complaint with the EEO of the NYC Parks, and respectfully refer the Court to that complaint for a complete and accurate statement of its contents.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Plaintiff contacted EEO.

39.      Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, and respectfully refer the Court to the NYC Park's EEO office determination following Plaintiff's complaint for a complete and accurate statement of its contents.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint, except admit NYC Parks provided Plaintiff with supporting documentation for his application to the New York State Department of Environmental Conservation.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, except

admit that Plaintiff contacted EEO.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that Plaintiff was moved to another NYC Park location.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint, except deny that City Defendant caused any such alleged injury.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. In response to paragraph "59" of the Complaint, City Defendant repeats and realleges their responses to the proceeding paragraphs as it fully set forth hereat.

60. In response to paragraph "60" of the Complaint, City Defendant respectfully refers the Court to the Title VII of the Civil Rights Act of 1964, for the contents thereof.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     In response to paragraph "64" of the Complaint, City Defendant repeats and realleges their responses to the proceeding paragraphs as it fully set forth hereat.

65.     In response to paragraph "65" of the Complaint, City Defendant respectfully refers the Court to the Title VII of the Civil Rights Act of 1964, for the contents thereof.

66.     Paragraph "66" of the Complaint sets forth a legal conclusion, to which no responsive pleading is required.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     In response to paragraph "70" of the Complaint, City Defendant repeats and realleges their responses to the proceeding paragraphs as it fully set forth hereat.

71.     In response to paragraph "71" of the Complaint, City Defendant respectfully refers the Court to 42 U.S.C § 1981, for the contents thereof.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     In response to paragraph "74" of the Complaint, City Defendant repeats and realleges their responses to the proceeding paragraphs as it fully set forth hereat.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in Paragraph "77" of the Complaint.

78.     In response to paragraph "78" of the Complaint, City Defendant repeats and realleges their responses to the proceeding paragraphs as it fully set forth hereat.

79.     In response to Paragraph "79" of the Complaint, City Defendant respectfully

refers the Court to the New York State Executive Law § 296 *et seq*. for the contents thereof.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. In response to paragraph "83" of the Complaint, City Defendant repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

84. In response to Paragraph "84" of the Complaint, City Defendant respectfully refers the Court to the New York State Executive Law § 296 *et seq*. for the contents thereof.

85. Paragraph "85" of the Complaint sets forth a legal conclusion, to which no responsive pleading is required.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. In response to paragraph "88" of the Complaint, City Defendant repeats and realleges their responses to the proceeding paragraphs as it fully set forth hereat.

89. In response to Paragraph "89" of the Complaint, City Defendant respectfully refers the Court to the New York City Administrative Code § 8-107 *et seq*. for the contents thereof.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. In response to paragraph "91" of the Complaint, City Defendant repeats and realleges their responses to the proceeding paragraphs as it fully set forth hereat.

92. In response to Paragraph "92" of the Complaint, City Defendant respectfully refers the Court to the New York City Administrative Code § 8-107 *et seq*. for the contents thereof.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.


FOR A FIRST AFFIRMATIVE DEFENSE:

98.     The Complaint fails to state a cause of action upon which relief may be granted.

FOR A SECOND AFFIRMATIVE DEFENSE:

99.     At all times relevant to the acts alleged in the Complaint, City Defendant's actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice and carried out in conformity with the Constitution and laws, Rules and Regulations of the United States and of the State and City of New York.


FOR A THIRD AFFIRMATIVE DEFENSE:

100.     Any injuries allegedly sustained by plaintiff were wholly, or in part, caused by Plaintiff's negligent or culpable conduct.


FOR A FOURTH AFFIRMATIVE DEFENSE:

101.     Defendant City of New York exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.


FOR A FIFTH AFFIRMATIVE DEFENSE:

102.     Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the City to its employees or to otherwise avoid harm.

FOR A SIXTH AFFIRMATIVE DEFENSE:

103.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

FOR AN SEVENTH AFFIRMATIVE DEFENSE:

104.   The conduct complained of consists of nothing more than what a reasonable person would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law should be dismissed.

FOR AN EIGHTH AFFIRMATIVE DEFENSE:

105.  The complaint is barred, in whole or in part, by plaintiff's failure to perform all conditions precedent to suit.

FOR AN NINTH AFFIRMATIVE DEFENSE:

106.  The Complaint may be barred, in whole or in part, by the doctrines of res judicata, claim preclusion, issue preclusion, collateral estoppel, judicial estoppel, or any combination of these doctrines.

FOR AN TENTH AFFIRMATIVE DEFENSE:

107.  The damages contained in the Complaint are barred by Plaintiff's failure to mitigate damages.

FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

108.  Plaintiff's request for punitive damages must be stricken as such damages are not available against the government or governmental entities.

**WHEREFORE, City** Defendant respectfully requests that this Court deny the relief sought by plaintiff and dismiss the Complaint in its entirety, and award costs, fees and disbursements to City Defendant, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 25, 2023

HON. SYLVIA O. HINDS-RADIX

Corporation Counsel of the City of New York
Attorney for City Defendant
100 Church Street, Room 2-193
New York, New York 10007
(212) 356-8767

*H. Keith Belfield*

H. Keith Belfield
Assistant Corporation Counsel



# UNITED STATES SOUTHERN DISTRICT COURT OF NEW YORK

## AFFIDAVIT OF SERVICE

*2508255*

Index no : **1:23-CV-02001-JHR**
Date of Purchase: **03/13/2023**

| | |
|---|---|
| Plaintiff: | **SHAKESQUE SINGLETARY** |
| Defendant: | **THE CITY OF NEW YORK ETAL ETC** |

STATE OF NEW YORK COUNTY OF NEW YORK ss.:

**YOLER JEAN-BAPTISTE**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York.

On **05/18/2023** at **2:01 PM**, I served the within **SUMMONS AND COMPLAINT ; CIVIL COVER SHEET** on **FRANK HONAN** at **698 WEST 135TH STREET, C/O PARKS DEPT**, New York, NY 10031 in the manner indicated below:

By delivering and leaving a true copy or copies of the aformentioned documents with said **Mr. Hamilton**, **Co-Worker of the Defendant** a person of suitable age and discretion.

A description of the **Defendant**, or other person served on behalf of the **Defendant** is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **WHITE** | **BROWN** | **50** | **5'8''** | **210** |
| Other Features: | | | | | |

On **05/23/2023** I deposited in the United States mails a true copy or copies of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to said **Defendant** at **698 WEST 135TH STREET, C/O PARKS DEPT, New York, NY 10031**. That address being the **actual place of business of the Defendant.** Copy mailed 1st class mail marked personal & confidential not indicating on the outside thereof, by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

Sworn to and subscribed before me on
05/23/2023

X _____
YOLER JEAN-BAPTISTE
License#: 1139306
AAA Attorney Service Co. of NY, Inc.
20 Vesey Street, Room 1110
New York,NY 10007
(212) 233-3508 Clerk: ~~Cindy~~

Howard Tauber
Notary Public, State of New York
No. 01TA6321820
Qualified in New York
Commission Expires 03/23/2027

# UNITED STATES SOUTHERN DISTRICT COURT
## OF NEW YORK

### AFFIDAVIT OF SERVICE



*2508253*

Index no : 1:23-CV-02001-JHR
Date of Purchase: 03/13/2023

| Plaintiff: | **SHAKESQUE SINGLETARY** |
| Defendant: | **THE CITY OF NEW YORK ETAL ETC** |

STATE OF NEW YORK COUNTY OF NEW YORK     ss.:

**YOLER JEAN-BAPTISTE**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York.

On **05/18/2023** at **2:01 PM**, I served the within **SUMMONS AND COMPLAINT ; CIVIL COVER SHEET** on **GLENN BAGGS at 698 WEST 135TH STREET, C/O PARKS DEPT, New York, NY 10031** in the manner indicated below:

By delivering and leaving a true copy or copies of the aformentioned documents with said **Mr. Hamilton**, **Co-Worker of the Defendant** a person of suitable age and discretion.

A description of the **Defendant**, or other person served on behalf of the **Defendant** is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **WHITE** | **BROWN** | **50** | **5'8"** | **210** |
| Other Features: | | | | | |

On **05/23/2023** I deposited in the United States mails a true copy or copies of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to said **Defendant** at **698 WEST 135TH STREET, C/O PARKS DEPT, New York, NY 10031**. That address being the **actual place of business of the Defendant.** Copy mailed 1st class mail marked personal & confidential not indicating on the outside thereof, by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

Sworn to and subscribed before me on
05/23/2023

Howard Tauber
Notary Public, State of New York
No. 01TA6321820
Qualified in New York
Commission Expires 03/23/2027

X _____
YOLER JEAN-BAPTISTE
License#: 1139306
AAA Attorney Service Co. of NY, Inc.
20 Vesey Street, Room 1110
New York, NY 10007
(212) 233-3508 Clerk: ~~Cindy~~





# UNITED STATES SOUTHERN DISTRICT COURT OF NEW YORK

## AFFIDAVIT OF SERVICE

*2508254*

Index no : **1:23-CV-02001-JHR**
Date of Purchase: **03/13/2023**

| | |
|---|---|
| Plaintiff: | **SHAKESQUE SINGLETARY** |
| Defendant: | **THE CITY OF NEW YORK ETAL ETC** |

STATE OF NEW YORK COUNTY OF NEW YORK    ss.:

**YOLER JEAN-BAPTISTE**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York.

On **05/18/2023** at **2:01 PM**, I served the within **SUMMONS AND COMPLAINT ; CIVIL COVER SHEET** on **MILAGROS CRUZ at 698 WEST 135TH STREET, C/O PARKS DEPT, New York, NY 10031** in the manner indicated below:

By delivering and leaving a true copy or copies of the aformentioned documents with said **Mr. Hamilton**, **Co-Worker of the Defendant** a person of suitable age and discretion.

A description of the **Defendant**, or other person served on behalf of the **Defendant** is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **WHITE** | **BROWN** | **50** | **5'8"** | **210** |
| Other Features: | | | | | |

On **05/23/2023** I deposited in the United States mails a true copy or copies of the aformentioned documents properly enclosed and sealed in a post-paid wrapper addressed to said **Defendant** at **698 WEST 135TH STREET, C/O PARKS DEPT, New York, NY 10031**. That address being the **actual place of business of the Defendant.** Copy mailed 1st class mail marked personal & confidential not indicating on the outside thereof, by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

Sworn to and subscribed before me on
05/23/2023

X _____
YOLER JEAN-BAPTISTE
License#: 1139306
AAA Attorney Service Co. of NY, Inc.
20 Vesey Street, Room 1110
New York,NY 10007
(212) 233-3508 Clerk: ~~Cindy~~

Howard Tauber
Notary Public, State of New York
No. 01TA6521820
Qualified in New York
Commission Expires 03/23/2027



UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SHAKESQUE SINGLETARY,

Plaintiff,

**ANSWER**

      -against-                                      23 Civ. 02001

THE CITY OF NEW YORK, GLENN BAGGS
as aider and abettor, MILAGROS CRUZ as and
aider and bettor and FRANK HONAN as and
aider and abettor,

Defendants.
-------------------------------------------------------------------x

           Glenn Baggs, and Milagros Cruz (together with The City of New York, referred to herein as "City Defendants")[1], by their attorney, Sylvia O. Hinds-Radix, Corporation Counsel of the City of the New York, for their Answer to the Complaint ("Complaint"), respectfully allege as follows:

           1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

           2.      Deny the allegations set forth in paragraph "2" of the Complaint.

           3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to assert jurisdiction as set forth therein.

           4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to assert supplemental jurisdiction as set forth therein.

           5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to assert venue as set forth therein.

           6.      Deny knowledge or information sufficient to form a belief as to the truth of

---

[1] Of note, Defendant Frank Honan is not included in this Answer. Accordingly, no appearance is being made on behalf of Defendant Frank Honan by this office

the allegations set forth in paragraph "6" of the Complaint.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "7" of the Complaint, and deny the remaining allegations set forth in paragraph "7."

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint regarding Plaintiff's racial and gender identity, and regarding Plaintiff's residence, except admit that Plaintiff has self-identified on certain personnel forms as Black and male, and deny the remaining allegations in that paragraph, except admit that Plaintiff has been assigned to the New York City Department of Parks.

10.  Paragraph "10" of the Complaint sets forth a legal conclusion only, to which no responsive pleading is required.

11.  Deny the allegations set forth in paragraph "11" of the Complaint, and respectfully refer the Court to the New York City Charter and Administrative Code for a complete and accurate description of the legal status of the New York City Department of Parks & Recreation ("NYC Parks"), which is an agency of the City of New York and maintains its headquarters at The Arsenal-Central Park, 830 Fifth Avenue, New York, NY 10065.

12.  Paragraph "12" of the Complaint sets forth a legal conclusion only, to which no responsive pleading is required.

13.  Deny the allegations set forth in paragraph "13" of the Complaint.

14.  Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff began at NYC Parks on or about July 5, 2021.

15.  Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "15" of the Complaint

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Defendant Frank Honan has been assigned to the New York City Department of Parks.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiff did complain to Defendant Milagro Cruz .

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's professed "information and belief."

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30", except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint regarding plaintiff's professed "information and belief."

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding

Plaintiff's professed feelings.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Plaintiff filed a complaint with the Equal Employment Opportunity Office ("EEO") of the NYC Parks.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff filed a complaint with the EEO of the NYC Parks, and respectfully refer the Court to that complaint for a complete and accurate statement of its contents.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Plaintiff contacted EEO.

39.      Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, and respectfully refer the Court to the NYC Park's EEO office determination following Plaintiff's complaint for a complete and accurate statement of its contents.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint, except admit NYC Parks provided Plaintiff with supporting documentation for his application to the New York State Department of Environmental Conservation.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, except

admit that Plaintiff contacted EEO.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, except admit that Plaintiff was moved to another NYC Park location.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint, except deny that City Defendants caused any such alleged injury.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     In response to paragraph "59" of the Complaint, City Defendants repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

60.     In response to paragraph "60" of the Complaint, City Defendants respectfully refers the Court to the Title VII of the Civil Rights Act of 1964, for the contents thereof.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     In response to paragraph "64" of the Complaint, City Defendants repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

65.     In response to paragraph "65" of the Complaint, City Defendants respectfully refers the Court to the Title VII of the Civil Rights Act of 1964, for the contents thereof.

66.     Paragraph "66" of the Complaint sets forth a legal conclusion, to which no responsive pleading is required.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     In response to paragraph "70" of the Complaint, City Defendants repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

71.     In response to paragraph "71" of the Complaint, City Defendants respectfully refers the Court to 42 U.S.C § 1981, for the contents thereof.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     In response to paragraph "74" of the Complaint, City Defendants repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in Paragraph "77" of the Complaint.

78.     In response to paragraph "78" of the Complaint, City Defendants repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

79.     In response to Paragraph "79" of the Complaint, City Defendants respectfully

refers the Court to the New York State Executive Law § 296 *et seq*. for the contents thereof.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Complaint.

83.     In response to paragraph "83" of the Complaint, City Defendants repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

84.     In response to Paragraph "84" of the Complaint, City Defendants respectfully refers the Court to the New York State Executive Law § 296 *et seq*. for the contents thereof.

85.     Paragraph "85" of the Complaint sets forth a legal conclusion, to which no responsive pleading is required.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     In response to paragraph "88" of the Complaint, City Defendants repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

89.     In response to Paragraph "89" of the Complaint, City Defendants respectfully refers the Court to the New York City Administrative Code § 8-107 *et seq*. for the contents thereof.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     In response to paragraph "91" of the Complaint, City Defendants repeat and reallege their responses to the proceeding paragraphs as it fully set forth hereat.

92.     In response to Paragraph "92" of the Complaint, City Defendants respectfully refers the Court to the New York City Administrative Code § 8-107 *et seq*. for the contents thereof.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.


FOR A FIRST AFFIRMATIVE DEFENSE:

98.     The Complaint fails to state a cause of action upon which relief may be granted.

FOR A SECOND AFFIRMATIVE DEFENSE:

99.     At all times relevant to the acts alleged in the Complaint, City Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice and carried out in conformity with the Constitution and laws, Rules and Regulations of the United States and of the State and City of New York.


FOR A THIRD AFFIRMATIVE DEFENSE:

100.    Any injuries allegedly sustained by plaintiff were wholly, or in part, caused by Plaintiff's negligent or culpable conduct.


FOR A FOURTH AFFIRMATIVE DEFENSE:

101.    City Defendants exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.


FOR A FIFTH AFFIRMATIVE DEFENSE:

102.    Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the City to its employees or to otherwise avoid harm.

### FOR A SIXTH AFFIRMATIVE DEFENSE:

103. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOR AN SEVENTH AFFIRMATIVE DEFENSE:

104. The conduct complained of consists of nothing more than what a reasonable person would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law should be dismissed.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE:

105. The complaint is barred, in whole or in part, by plaintiff's failure to perform all conditions precedent to suit.

### FOR AN NINTH AFFIRMATIVE DEFENSE:

106. The Complaint may be barred, in whole or in part, by the doctrines of res judicata, claim preclusion, issue preclusion, collateral estoppel, judicial estoppel, or any combination of these doctrines.

### FOR AN TENTH AFFIRMATIVE DEFENSE:

107. The damages contained in the Complaint are barred by Plaintiff's failure to mitigate damages.

### FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

108. Plaintiff's request for punitive damages must be stricken as such damages are not available against the government or governmental entities.

**WHEREFORE, City** Defendants respectfully requests that this Court deny the relief sought by plaintiff and dismiss the Complaint in its entirety, and award costs, fees and disbursements to City Defendants, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        June 29, 2023

                    HON. SYLVIA O. HINDS-RADIX

                    Corporation Counsel of the City of New York
                    Attorney for City Defendants
                    100 Church Street, Room 2-125
                    New York, New York 10007
                    (212) 356-8767

                    *H. Keith Belfield*

                    H. Keith Belfield
                    Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SHAKESQUE SINGLETARY,                          **DECLARATION IN SUPPORT**
                                               **OF REQUEST FOR A DEFAULT**

               Plaintiff,

vs.                                            23 Civ. 02001 (JHR)

CITY OF NEW YORK, et al.

               Defendants.

_____


       **STEWART LEE KARLIN, ESQ.**, attorney for Plaintiff, states the following:

1.      I am the attorney for plaintiff, SHAKESQUE SINGLETARY, in this action.

2.      This action was commenced pursuant to Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. 2000e et seq.

3.      The Complaint (Docket #3) was filed on March, 9, 2023, and a Summons (Docket #7) was issued by the Court on March 13, 2023.

4.      The Summons and Complaint was properly served on Defendant, CITY OF NEW YORK, on May 13, 2023, under Fed. R. C. P.

5.      Defendant, CITY OF NEW YORK, timely appeared and filed their Answer (Docket # 12) on May 25, 2023.

6.      The Summons and Complaint was properly served on Defendants, GLENN BAGGS and MILAGROS CRUZ, on May 18, 2023, under Fed. R. C. P., and proof of service having been filed with the court on May 26, 2023 (Docket #15 and 16).

7.      Defendants, GLENN BAGGS and MILAGROS CRUZ, timely appeared and filed their Answer (Docket # 21) on June 29, 2023.

8.    The Summons and Complaint was properly served on Defendant, FRANK HONAN, on May 18, 2023, under Fed. R. C. P., and proof of service having been filed with the court on May 26, 2023 (Docket #14).

9.    The time for Defendant, FRANK HONAN, to answer or otherwise move with respect to the complaint herein has expired on June 8, 2023.

10.    Defendant, FRANK HONAN, has not answered or otherwise moved with respect to the complaint, and the time for Defendant, FRANK HONAN, to answer or otherwise move has not been extended.

11.    That Defendant, FRANK HONAN, is not an infant or incompetent. Defendant, FRANK HONAN, is not presently in the military service of the United States as appears from facts in this litigation.

WHEREFORE, Plaintiff, SHAKESQUE SINGLETARY, requests that the default of Defendant, FRANK HONAN, be noted and a certificate of default issued.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to Plaintiff, and that no part thereof has been paid.

Dated: New York, New York
        July 12, 2023

                                        STEWART LEE KARLIN
                                        LAW GROUP, P.C.


                                        Stewart Lee Karlin, Esq.
                                        111 John Street, 22nd Floor
                                        New York, NY 10038
                                        (212) 792-9670
                                        slk@stewartkarlin.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

SHAKESQUE SINGLETARY,

**Plaintiff,**

**- against -**

CITY OF NEW YORK, et al.,

**Defendants.**
--------------------------------------------------------------X

**23** Civ. **02001** (**JHR**)

**PROPOSED
CLERK'S CERTIFICATE
OF DEFAULT**

  **I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on** 03/09/2023 **with the filing of a Summons and Complaint. A copy of the Summons and Complaint was served on Defendant** Frank Honan **by personally serving** Mr. Hamilton, Co-Worker of the Defendant, *and proof of service was therefore filed on* 05/26/2023, *Doc. #(s) 14.*

  **I further certify that the docket entries indicate that the defendant(s) has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant(s) is/are hereby noted.**

**Dated: New York, New York**
  **July** 13 **, 2023**

**RUBY J. KRAJICK**
**Clerk of Court**

**By: _____**

**Deputy Clerk**